UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONTINENTAL CASUALTY COMPANY,
*et al.*,

    Plaintiffs,

v.                                               Case No: 8:16-cv-322-T-17TGW

JOHN W. HARDIN, *et al.*,

    Defendants.

_____

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("**R&R**") (Doc. No. 165) submitted by United States Magistrate Judge Thomas G. Wilson. John Hardin and other defendants (collectively, the "**Defendants**") objected to Judge Wilson's R&R, (*Objections*, Doc. No. 166), and Continental Casualty Company and other plaintiffs responded. (*Response*, Doc. No. 170). After review, the Court **ADOPTS** and **INCORPORATES BY REFERENCE** Judge Wilson's R&R.

**I.**    **Legal Standard**

Under the Federal Magistrate's Act, Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to "submit to the judge of the court proposed findings of fact and recommendations for the disposition" by an Article III judge. 28 U.S.C. § 636(b)(1)(B). "Within fourteen days after being served with a copy [of a magistrate's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1). On review by the

district court, "the court shall make a de novo determination of those portions of the report . . . to which objection is made." *Id.*

## II. Judge Wilson's report and recommendation was well-reasoned and reached the correct conclusions of law.

The Court engaged in a *de novo* review of each section of the R&R to which the Defendants objected. After review, the Court concurs with Judge Wilson's recommendations.

### A. Objection to recommendation that motion to dismiss counts one through four be denied, and the finding that the Rule 9(b) pleading standard should not be applied in this case.

Judge Wilson recommended that this Court deny the motion to dismiss counts one through four of the complaint. The Defendants object to Judge Wilson's recommendation that the heightened Rule 9(b) pleading standard should not be applied to this case, and argue that dismissal of the counts is appropriate. (*Objections*, Doc. No. 166, ¶ 3). Judge Wilson, with the benefit of oral and written argument from all parties, identified several cases from the Middle District of Florida and the Eleventh Circuit that supported his recommendation to the Court. (*R&R*, Doc. No. 165 at 14).

After review, the Court agrees with the R&R. Rule 9(b) of the Federal Rules of Civil Procedure provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The particularity requirement for cases involving fraud exists to alert defendants to "the precise misconduct with which they are charged[,]" and to protect "defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations omitted). While requiring more stringent factual assertions, Rule 9(b)'s heightened pleading standard is not an impossible burden.

2

*Id.* The complaint satisfies Rule 9(b) when it includes "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same," as well as "(3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Id.*

In *Wiand v. Buhl*, No. 8:10-CV-75-T-17MAP, 2011 WL 6048829 (M.D. Fla. Nov. 3, 2011), *report and recommendation adopted*, No. 8:10-CIV-75-T-17-MAP, 2011 WL 6048741 (M.D. Fla. Dec. 6, 2011), the Court adopted the finding of a United States Magistrate Judge that Rule 9(b) was inapplicable to the plaintiff's Florida Uniform Fraudulent Transfer Act ("**FUFTA**") claims. *Id.* at *4. As Judge Wilson noted, *Wiand* states that Rule 9(b) is inapplicable to FUFTA claims because "unlike common law fraud claims, fraudulent transfer claims are asserted against a person or entity that did not deal directly with the plaintiff in the challenged transaction" and therefore "the plaintiff generally possesses little or no information about the alleged fraudulent transfer." *Id.* citing *Steinberg v. A Analyst Limited et al.*, 2009 WL 806780, *3–4 (S.D.Fla. March 26, 2009). This reasoning is sound, and applicable to the present case and controversy.

Likewise, the Court finds that Judge Wilson appropriately relied on the principles of law espoused in *Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, No. 07-80633-CIV, 2008 WL 660100 (S.D. Fla. Mar. 7, 2008). In *Gulf Coast*, the plaintiff brought claims that the defendant violated the FUFTA. *Id.* at *1. That court similarly found that Rule 9(b) does not apply to FUFTA claims because "a fraudulent transfer claim is significantly different from other fraud claims to which Rule 9(b) is directed." *Id.* at *6. The district

court arrived at that result because "[t]he fraudulent act, the clandestine act of hiding money, is allegedly committed by a defendant and another, to the exclusion of the plaintiff." *Id.* As a result, the plaintiff "generally possesses little or no information about the alleged fraudulent transfer other than it occurred." *Id.*

The Defendants correctly note that there is a circuit split on the issue of whether Rule 9(b)'s pleading requirements apply to fraudulent transfer claims. However, Judge Wilson's appropriate citation to *Hill v. Morehouse Med. Assocs., Inc.,* No. 02-14429, 2003 WL 22019936, at *1 (11th Cir. Aug. 15, 2003) (unreported) requires the Court to conclude that he arrived at the correct result in this case. The Court further finds that the cases cited by the Defendants, *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043 (11th Cir. 2007), and *U.S. ex rel Adkins v. McInteer*, 470 F.3d 1350 (11th Cir. 2006), were appropriately distinguished by Judge Wilson based on their factual underpinnings. Judge Wilson further identified case law from sister circuits that supported his recommendation that Rule 9(b) is inapplicable to the claims alleged in this case. *R&R*, Doc. No. 165 at 18. When compared to the cases cited by the Defendants, the Court is satisfied that Judge Wilson arrived at the correct result.

The Court, therefore, overrules the Defendants' objections to this section of the R&R.

**B.  Objection to finding that Defendants can be jointly and severally liable under FUFTA according to the Verified Complaint as pled.**

Judge Wilson found that "the [D]efendants have not asserted a cognizable basis for striking the request for joint and several liability" for fraudulent transfer claims. *R&R*, Doc. No. 165 at 25. The defendants primarily quibble with the result reached by the First District Court of Appeal in *McCalla v. E.C. Kenyon Const. Co.,* 183 So. 3d 1192 (Fla. Dist.

4

Ct. App. 2016). Without approving or disapproving of the *McCalla* decision, the Court sees no need to strike the Plaintiffs' allegations regarding joint and several liability. Of course, the pursuit of joint and several liability may prove fruitless if the Court enters a judgment in favor of the Plaintiffs. Indeed, the Plaintiffs have alleged (as they must) that the transferors are insolvent. At the pleadings stage, however, the Court is confident that there is no basis for striking the Plaintiffs' allegations regarding joint and several liability.

### C. Objection to recommendation that the district court reject the argument that only transfers by a judgment debtor are actionable in this case.

Judge Wilson found that the Defendants' final argument, that only transfers by a judgment debtor are actionable in this case, was meritless. As Judge Wilson correctly stated, "FUFTA does not apply exclusively to transfers made by a judgment debtor." *R&R*, Doc. No. 165 at 23. In the R&R, Judge Wilson cogently recommended that:

> FUFTA governs transfers made by a debtor that are fraudulent to a creditor. Fla. Stat. 726.105. A "debtor" is defined as "a person who is liable on a claim," Fla. Stat. 726.102(7), and a "claim" is "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Fla. Stat. 726.102(4) (emphasis added). Thus, a "debtor" under FUFTA has a broad application, and is not limited to a person against whom a plaintiff has a judgment. Therefore, the defendants' argument is incorrect that, as a matter of law, "transfers made by third parties . . . are not actionable because no judgment debtor was involved."

*Id*. The Court notes that the Defendants cited no case law demanding that the Court retreat from Judge Wilson's reasoned interpretation. Therefore, the R&R sustains *de novo* review. The Defendants' final objection is overruled.

### III. Conclusion

The objections to the R&R, after *de novo* review, are **OVERRULED**, and the **R&R** is **ADOPTED AND INCORPORATED BY REFERENCE**. Similarly, the portions of the

R&R which were not objected to are sustained after review for clear error.  The Court commends Judge Wilson for his preparation and presentation of a cogent and precise legal analysis in a demanding case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 14th day of March, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record