# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CONTINENTAL CASUALTY COMPANY,
AMERICAN CASUALTY COMPANY OF
READING, PENNSYLVANIA,
TRANSPORTATION INSURANCE
COMPANY, NATIONAL FIRE
INSURANCE COMPANY OF
HARTFORD, and CNA CLAIMPLUS,
INC.,

    Plaintiffs,

v.                                          Case No: 8:16-cv-322-T-17TGW

JOHN W. HARDIN, HENRY C. HARDIN,
III , HARDIN INDEMNITY, LLC, HARDIN
INDEMNITY, LTD, HARDIN INDEMNITY
II, LTD, PEOPLE, INC., LEASING
RESOURCES OF AMERICA 2, INC.,
LEASING RESOURCES OF AMERICA 3,
INC., LEASING RESOURCES OF
AMERICA 4, INC., PAYROLL DATA
PROCESSING, INC., PROFESSIONAL
MANAGEMENT SERVICES, INC.,
PLATFORMONE USA, INC., COHESIVE
NETWORKS, INC., COHESIVE
NETWORKS 2, INC., STAFFING
CONCEPTS, INC., STAFFING
CONCEPTS NATIONAL, INC.,
STAFFING CONCEPTS
INTERNATIONAL, INC., SC OF
FLORIDA II, INC., VENTURE
RESOURCES GROUP, LLC,
ALTERNATIVE MARKETING GROUP,
INC., PRODUCTIVE EMPLOYER
CONCEPTS, INC., HUMAN CAPITAL
SOLUTIONS, INC., EPIC STAFF
MANAGEMENT, INC., HHG I, INC.,
ACCOUNTFIRST INSURANCE
SERVICES, INC., STAFFING
CONCEPTS I, INC., STAFFING
CONCEPTS II, INC., STAFFING
CONCEPTS III, INC., HR SHARED

SERVICES, INC., RISK MANAGEMENT
UNDERWRITERS, INC., EPIC SKILLED
& INDUSTRIAL, INC., STAFFING
CONCEPTS EPIC, INC., and STAFFING
CONCEPTS OF FLORIDA, INC.,

    Defendants.

## ORDER

Before the Court is the Report and Recommendation (the "**R&R**") (Doc. No. 185) submitted by United States Magistrate Judge Thomas Wilson and the Objection (Doc. No. 192) filed by John Hardin and other Defendants. After thorough review of the R&R, the Objection, and all other relevant materials, the Court concurs with Judge Wilson's reasoned analysis, and orders that the R&R is **ADOPTED** and **INCORPORATED BY REFERENCE**.

### I.    Standard of Review

Under the Federal Magistrate's Act ("**Act**"), Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to "submit to the judge of the court proposed findings of fact and recommendations for the disposition" by an Article III judge. 28 U.S.C. § 636(b)(1)(B). "Within fourteen days after being served with a copy [of a magistrate's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1). On review by the district court, "the court shall make a de novo determination of those portions of the report . . . to which objection is made." *Id.* When no timely and specific objections are

filed, case law indicates the court should review the findings using a clearly erroneous standard. *Gropp v. United Airlines, Inc.*, 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

## II.   Discussion

The Defendants object to Judge Wilson's determination that attorney's fees and expenses are not recoverable under Rule 65(c), Fed. R. Civ. P. *Objection*, Doc. No. 192, ¶ 1. In relevant part, Rule 65(c) provides that the court may "issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court notes that there is no specific provision governing the award of attorney's fees under Rule 65.

The overwhelming weight of authority from this Court and other Circuits supports Judge Wilson's recommendation that the Defendant is not entitled to attorney's fees in this circumstance.[1] *Johnston v. Tampa Sports Auth.*, No. 8:05CV2191T-27MAP, 2006 WL 2970431, at *1 (M.D. Fla. Oct. 16, 2006) (stating "[d]efendants are not entitled to attorneys' fees if it is later determined that Defendants have been wrongfully enjoined."); *Fireman's Fund Ins. Co. v. S. E. K. Const. Co.*, 436 F.2d 1345, 1352 (10th Cir. 1971) (holding that under federal case law attorney's fees are not recoverable pursuant to Rule 65(c)); *Minnesota Power & Light Co. v. Hockett*, 14 F. App'x 703, 706 (7th Cir. 2001) (finding that attorney's fees are not compensable under Rule 65(c)). Under de novo review, the Court finds that these cases strongly support Judge Wilson's R&R, and were appropriate authority for Judge Wilson's recommendation.

---

[1] The Court notes that the Motion for Attorney's Fees (Doc. No. 100) and the Objection (Doc. No. 192) do not call into question the applicability of federal law to this case.

Likewise, Judge Wilson properly distinguished the case that Mr. Hardin and the other Defendants primarily rely upon in support of their Motion: *Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 559 (2d Cir. 2011). *Nokia* itself stands for the proposition that "it has long been established that a prevailing party may not generally collect as damages against an injunction bond attorneys' fees expended in litigating the injunction." *Id.* at 560. Judge Wilson correctly identified the crux of the issue before the Court at the hearings in which the temporary restraining order was dissolved. The Court was required to decide whether it possessed the equitable authority to issue preliminary injunctive relief, or if the request constituted a prejudgment writ of attachment. The attorney's fees sought by Mr. Hardin and the other Defendants, as Judge Wilson correctly found, were primarily for their efforts to alter or challenge the temporary restraining order previously issued by this Court. As Judge Wilson found, *Nokia* is inapposite to the facts at issue here, and the Court declines to follow its reasoning as applied to the facts before it.

### III. Conclusion

Accordingly,

It is **ORDERED** after de novo review that Judge Wilson's R&R is **ADOPTED** and **INCORPORATED BY REFERENCE**. The Objection (Doc. No. 192) is **OVERRULED**. The Motion for attorney's fees and expenses (Doc. No. 100) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 28th day of March, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record